IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL RAYMOND GREEN *
    Petitioner,
v.      *     CIVIL ACTION NO. AW-10-2749
        CRIMINAL NO. AW-09-0230
UNITED STATES OF AMERICA *
    Respondent.
        ***

**MEMORANDUM**

On May 11, 2009, Petitioner entered a guilty plea to one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 371.[1] On September 3, 2009, he was sentenced to a 52-month term in the U.S. Bureau of Prisons with 3 years supervised release and ordered to pay a $100.00 special assessment. Judgment was entered on September 8, 2009. *See United States v. Green*, Criminal No. AW-09-0230 (D. Md.). No appeal was noted.

On October 4, 2010, the court received for filing Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence, dated September 29, 2010. *Id*. at ECF No. 30. Petitioner raises several ineffective assistance of counsel and due process claims under the Fifth and Sixth Amendment, arguing that defense counsel: (1) failed to investigate the law "as it applies to the plain text reading to the sentencing application…;" (2) failed to uphold his due process right by allowing procedure (court sentencing statements) to be violated; and (3) failed to take appropriate action in light of a due process violation due to a breach of the written plea agreement. *Id*.

As previously noted by the court, 28 U.S.C. § 2255 provides a one-year statute of limitations for the filing of a motion to vacate.[2] Upon examination of the Motion, on October 22, 2010, the

---

[1] The court's October 22, 2010 Order incorrectly referred to Petitioner's plea offense and statutory violation. ECF No. 31. The error was inadvertent and the correct offense and statutory violation is noted here.

[2] This section provides:

court issued an Order which advised Petitioner that the timeliness of the Motion under § 2255(1) was in question and afforded him the opportunity to file a memorandum explaining why the Motion may be timely or why equitable tolling may apply, as required pursuant to *Hill v. Braxton*, 277 F.3d 701, 706-07 (4th Cir. 2002).

On November 5, 2010, Petitioner filed a "Memorandum Requesting Equitable Tolling." ECF No. 32. He acknowledges that his Motion was untimely. He states, however, that during the running of the one-year statutory limitation period he was confined at the United States Penitentiary at Allenwood, Pennsylvania ("Allenwood"). He states that Allenwood enforced two major "lockdowns" during the year, which required that he be confined to his cell 24 hours a day and allowed to take a 10 minute shower every three days. Petitioner claims that during these lockdowns he had: no commissary access to purchase stamps or mailing envelopes; no law library access to obtain § 2255 forms; and no access to a typewriter, which is a necessity because his handwriting is illegible. ECF No. 32. He claims that a lockdown is a form of punishment because it

---

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"uses sensory deprivation as a form of behavior modification that lessens your ability to function normally in this stress filled facility." ECF No. 32.

Petitioner seemingly argues that equitable tolling applies here because government-created impediments affected his ability to file his Motion or request for an extension of time as he lacked access to postage stamps and mailing materials due to the lockdowns. *Id*. He claims that such a situation meets the criteria for tolling because he has shown that "extraordinary circumstances," external to his own conduct, prevented him from filing his Motion on time. He claims that he has been diligently pursuing his claims beginning in January of 2010, by asking defense counsel to correct the incorrect interpretation of his sentence. Petitioner also contends that it is difficult for a self-represented individual to "navigate through the labyrinth of rules and statutes that govern the § 2255 procedures…" *Id*.

In response to Petitioner's Memorandum, Respondent has filed a Motion to Dismiss the Motion to Vacate as time-barred. ECF No. 33. It argues that the grounds raised by Petitioner do not satisfy the criteria for equitable tolling set out in this circuit under *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) and *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000).

As already indicated, criminal judgment was entered against Petitioner on September 8, 2009. He did not file an appeal within the fourteen day period set out under Fed. R. App. P. 4(b)(1)(A). Therefore his judgment became final for the running of the statute of limitations of § 2255(1) on September 22, 2009. See *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004); *Moshier v. United States,* 402 F.3d 116, 118 (2nd Cir. 2005) (unappealed federal criminal judgment "becomes final when the time for filing a direct appeal expires.") The Motion to Vacate, received for filing on October 4, 2010, is dated September 29, 2010, and is deemed to be filed on

that date.[3] The Motion was therefore filed in an untimely manner.

The one-year statute of limitations on § 2255 motions is subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). Equitable tolling applies only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 330. *See also Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id*. at 2562. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing of petition).

The court has examined all papers and concludes that Petitioner has failed to show that the thirty-day lockdown at the prison in June of 2010, constitutes "extraordinary circumstances" which would warrant equitable tolling of the filing deadline. According to Petitioner's exhibits, Allenwood was on lockdown beginning at 10:00 a.m. on June 21, 2010. It unsuccessfully attempted to return to normal operations on July 14, 2010, but remained on lockdown status until 12:00 p.m. on July 21, 2010. ECF No. 32 at Ex. 2. Even assuming that Petitioner had no access to commissary items (stamps and envelopes), the law library, and a typewriter during this one-month lockdown period, he still had approximately two months (July 22, 2010, to September 22, 2010) to prepare and file his Motion in a timely manner. Moreover, as correctly noted by Respondent, Petitioner does not

---

[3] Under the mailbox rule, an inmate's self-represented § 2255 motion is deemed filed on the date it is delivered to prison authorities. *See United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998). The court assumes in this instance that Petitioner delivered the motion to Allenwood authorities on the day he signed it. Neither party has argued otherwise.

explain why or he could not have prepared and mailed a sufficient § 2255 motion in the almost nine months prior to June 21, 2010, the first date of the prison lockdown. He has not shown that the lockdown caused him "actual harm" as it "unconstitutionally prevented him from exercising that fundamental right of access to the courts in order to attack his sentence." *Akins v. United States*, 204 F.3d. 1086, 1090 (11th Cir. 2000); *see also Allen v. Johnson*, 602 F. Supp.2d 724, 729 (E. D. Va. 2009); (facility lockdown amounted to no more that the routine incidents of prison life and did not constitute an extraordinary circumstance warranting equitable tolling); *Warren v. Kelly,* 207 F.Supp.2d 6, 10 (E.D. N.Y. 2002) (transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances for purposes of tolling the limitation period); *United States v. Van Poyck*, 980 F.Supp. 1108, 1110-11 (C. D. Cal. 1997) (general prison lockdowns preventing the prisoner's access to the library and a typewriter are not extraordinary circumstances warranting equitable tolling).[4] For these reasons, the Motion shall be denied and dismissed as untimely. A separate Order follows.

                                                      _____/s/_____
                                                      Alexander Williams Jr.
                                                      United States District Judge

---

[4] The Allenwood lockdown did not occur close in time to the limitation deadline. In such a circumstance equitable tolling may be warranted. *See Munnerlyn v. United States,* 2009 WL 1362387, at *4-5 (S.D. Ohio May 13, 2009) (indicating that the denial of access to the mail may prevent the timely filing of a § 2255 motion and warrant equitable tolling); *Brooks v. Olivarez,* 1998 WL 474160, at *2 n. 2 (N.D. Cal. Aug. 5, 1998) (indicating that where a lockdown or library closure very near the deadline prevents the timely filing of a § 2255 motion equitable tolling may be justified). From these cases, it seems that, for equitable tolling to apply, it has to be the lockdown which prevented submission of the § 2255 motion. That is not the case here.